IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

DOMIANO RATCLIFF, #108176

VS.  CIVIL ACTION NO. 2:11cv-37-KS-MTP

STATE OF MISSISSIPPI, ET AL

## ORDER ADOPTING REPORT AND RECOMMENDATIONS

This matter is before the Court on Petition of Domiano Ratcliff ("Petitioner") for *Writ of Habeas Corpus* [1] filed pursuant to 28 U.S.C. § 2254, Respondent's Motion to Dismiss [9] pursuant to § 2244(d), Report and Recommendation of Magistrate Judge Michael T. Parker [12] and Objection thereto filed by Petitioner [13], the Court has considered the above documents, together with the record herein and applicable law and being fully advised in the premises, finds as follows:

### I.  PROCEDURAL HISTORY

On or about November 5, 2004, Petitioner Domiano Ratcliff pled guilty to two counts of armed robbery and one count of aggravated assault in the Circuit Court of Forrest County, Mississippi.  On November 15, 2004, Ratcliff was sentenced to twenty years for Count I (armed robbery), twenty years for Count II (armed robbery) with ten years suspended, and twenty years for Count III (aggravated assault) to run consecutive to the sentence imposed under Count II, for a total of fifty years.[1]

Ratcliff filed a Motion to Withdraw Guilty Plea in the Forrest County Circuit Court on or about October 27, 2006, which the court construed as a Motion for Post-Conviction Collateral

---

[1] *See* Petition [1] at 1; Ex. A to Motion [9].

Relief.[2]  The Forrest County Circuit Court denied the motion on March 26, 2009.[3]  Ratcliff did not appeal this decision.[4]

Ratcliff submitted his federal Petition for Writ of Habeas Corpus [1] on or about February 14, 2011.  The Respondents contend that Ratcliff's Petition was not timely filed and that it should be dismissed pursuant to 28 U.S.C. § 2244(d).  Alternatively, Respondents contend that Ratcliff's Petition should be dismissed for failure to exhaust available state court remedies pursuant to 28 U.S.C. § 2254(b).

## II.  STANDARD OF REVIEW

When a party objects to a Report and Recommendation this Court is required to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  See also *Longmire v. Gust*, 921 F.2d 620, 623 (5th Cir. 1991) (Party is "entitled to a *de novo* review by an Article III Judge as to those issues to which an objection is made.") Such review means that this Court will examine the entire record and will make an independent assessment of the law. The Court is not required, however, to reiterate the findings and conclusions of the Magistrate Judge. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993) nor need it consider objections that are frivolous, conclusive or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1997).  No factual objection is raised when a petitioner merely reurges arguments contained in the original petition.  *Edmond v. Collins*, 8 F.3d 290, 293 (5th Cir. 1993).

## III.  PETITIONER'S OBJECTIONS AND ANALYSIS

---

[2] *See* Petition [1] at 3; Ex. B to Motion [9].

[3] *See* Ex. B to Motion [9].

[4] *See* Petition [1] at 5.

Petitioner's Objections miss the point. The dismissal recommendation by Judge Parker is based on the applicable statute of limitations, 28 U.S.C. § 2244(d).  In his Objections he addresses the sentence and the fact that his post conviction motion was dismissed.  He claims that his sentence is unfair based on his illiteracy and that the sentence is unconstitutional and that there is new evidence that would establish actual innocence.  He goes into a claim of ineffective assistance of counsel and talks about the deficiencies and not his trial counsel.

However, the Petitioner misses the point. The statute of limitations has run.  The applicable statute began to run on December 15, 2004.  He had until December 15, 2005 to file his petition and the earliest that it was filed was February 4, 2011. There was no statutory tolling and he has not established any reason for equitable tolling.  Therefore, this Court is without jurisdiction to hear this case because of the running of the applicable statute.  The Court finds that the petition is barred by the one year statute of limitations under the AEDPA and said motion [14] should be dismissed as moot.

## IV.  CONCLUSION

As required by 28 U.S.C. § 636(b)(1) this Court has conducted an independent review of the entire record and a *de novo* review of the matters raised by the objections.  For the reasons set forth above, this Court concludes that Ratcliff's  objections lack merit and should be overruled. The Court further concludes that the Report and Recommendation is an accurate statement of the facts and the correct analysis of the law in all regards. Therefore, the Court accepts, approves and adopts the Magistrate Judges's factual findings and legal conclusions contained in the Report and Recommendation. Accordingly, it is ordered that the United States Magistrate Judge Michael T. Parker's Report and Recommendation is accepted pursuant to 28 U.S.C. § 636(b)(1) and that Domiano Ratcliff's claim is **dismissed with prejudice**. Motion [14]

is denied as moot.

    SO ORDERED this, the 2nd day of December, 2011.

                                          *s/Keith Starrett*
                                          UNITED STATES DISTRICT JUDGE